UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TERRIE L. RUSSELL                                                                                                Plaintiff

v.                                                                                  Civil Action No. 3:19-CV-00579-RGJ

RAILROAD RETIREMENT BOARD                                                                        Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Terrie L. Russell brings this action against Defendant Railroad Retirement Board ("Retirement Board"), seeking a judicial review of the Retirement Board's denial of her appeal for disabled widow's annuity. [DE 1–2]. This matter comes before the Court on Defendant's Motion to Dismiss for lack of jurisdiction. [DE 5]. Ms. Russell did not respond and the time for doing so has passed. The matter is ripe. For the reasons below, the Court **GRANTS** Defendant's Motion to Dismiss.

**I.     Factual and Procedural Background**

Terrie L. Russell is a widow whose husband retired from L-n-N Railroad. [DE 5-1 at 26]. She is currently disabled and receives a monthly supplemental income of $771.00. [*Id*. at 34]. On November 7, 2013, she applied for disabled widow's annuity from the Retirement Board, an independent agency in the executive Branch of the United States Government. [DE 5 at 21]. Her application was denied on December 22, 2014 because she failed to "show that she was disabled from all substantial gainful work within a specified timeline called a prescribed time, which in her case ended on August 31, 20ll." [DE 5-1 at 31 (internal quotation admitted)]. When she failed to file a request for reconsideration the decision became final. [*Id*.]. She filed a second application on October 16, 2017 that was denied on October 23, 2017, and the denial was upheld upon

1

reconsideration on December 5, 2017. [*Id*.] She appealed the decision to the Bureau of Hearings, and on March 29, 2018 a hearings officer denied Russell's appeal. [*Id*.].

On August 23, 2018 the Retirement Board reviewed Russell's appeal of the hearing officer's March 29, 2018 decision and found that she was not entitled to reopen her previous application. [*Id*.]. The Retirement Board determined that Russell failed to show that she was "disabled within a prescribed period that ended August 31, 2011 (84 months after the railroad employee's date of death)" and denied her appeal holding that the December 22, 2014 decision is administratively final. [*Id*. at 33].

Having exhausted all administrative remedies with the Retirement Board, Russell sought judicial review of the Retirement Board's denial of her appeal. [DE 5 at 21]. She filed an appeal in Jefferson Circuit Court of the Commonwealth of Kentucky on or about July 30, 2019. [DE 1 at 1]. Russell was then sent a letter by overnight delivery on August 15, 2019 from Retirement Board Office of General Counsel explaining that in order to appeal the RRB's decision she must file an appeal in 1) the Court of Appeals for the Circuit in which she resides, 2) the United States Court of Appeals for the Seventh Circuit, or 3) the United States Court of Appeals for the District of Columbia under the Railroad Retirement Act ("RRA"). [DE 5-2 at 37]. The letter also emphasized that she must appeal within one year from the date the Retirement Broad issued its decision, thus she must appeal to one of the proper U.S. Courts of Appeal by August 23, 2019. [*Id*. at 38].

Retirement Board removed the state action, styled *Terrie L. Russell v. Railroad Retirement Board*, numbered 19-CI-004604, to this Court under 28 U.S.C. §§ 1442 and 1446. [DE 1 at 1-2]. The Retirement Board now asks this Court to dismiss the appeal for lack of jurisdiction. [DE 5 at 23].

## II. Standard of Review

The Retirement Board is an independent agency in the executive branch of the United States Government established by the Railroad Retirement Act of 1937. 45 U.S.C. § 231(f). A civil action commenced in a State court that is against a federal agency may be removed to a United States district court. 28 U.S.C. § 1442(a). The Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "lack[s] personal jurisdiction." Fed. R. Civ. P. 12(b)(6).

## III. Discussion

Decisions of the Retirement Board eligible to judicial review are subject to the same limitations and provisions as the Railroad Unemployment Insurance Act, except "that the time within which proceedings for the review of a decision with respect to annuity . . . may be commenced shall be one year after the decision will have been entered upon the records of the Board and communicated to the claimant." 45 U.S.C. § 2319. The Railroad Unemployment Insurance Acts states:

> Any claimant . . . may, only after all administrative remedies within the Board will have been availed of and exhausted, obtain a review of any final decision of the Board by filing a petition for review within ninety days after the mailing of notice of such decision to the claimant or other party, or within such further time as the Board may allow, in the United States court of appeals for the circuit in which the claimant or other party resides or will have had his principal place of business or principal executive office, or in the United States Court of Appeals for the Seventh Circuit or in the United States Court of Appeals for the District of Columbia.

45 U.S.C. § 355(f).

Russel sought judicial review in Jefferson Circuit Court. However, the appeal needed to be filed in either the United States Courts of Appeals for the Sixth Circuit,[1] the United States

---

[1] The Sixth Circuit is the circuit in which Terrie Russell resides.

Courts of Appeals for the Seventh Circuit, or the United States Courts of Appeals for the District of Columbia under 45 U.S.C. § 355(f).[2]

The Office of General Counsel for the Retirement Board sent a letter to Russell explaining that her case was being removed from Jefferson County Circuit Court to the present Court and that she must file in the proper court to appeal. [DE 5-2]. Even so, Russell failed to file an appeal in one of the United States Courts of Appeals that has jurisdiction over the action. As a result, because this action is not pending in the United States Courts of Appeals for the Sixth Circuit, the United States Courts of Appeals for the Seventh Circuit, or the United States Courts of Appeals for the District of Columbia this Court lacks jurisdiction over the Railroad Board and must dismiss the case.

## IV. Conclusion

For the reasons set forth above, and being otherwise sufficiently advised, the Court **HEREBY ORDERS** that the Railroad Retirement Board's Motion to Dismiss [DE 5] is **GRANTED**.

---

[2] It appears the appeal needed to be filed with the appropriate court of appeals by August 23, 2019, because the Board's made its decision on August 23, 2018 and the statute allows the petitioner one year to file an appeal.